**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GAGANDEEP SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0262-HE |
| | ) | |
| KRISTI NOEM, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Gagandeep Singh seeks a writ of habeas corpus to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE). According to the petition, Mr. Singh is a citizen and national of India who entered the United States on or about January 24, 2023. Thereafter, ICE initiated removal proceedings, charging petitioner as an alien present in the United States who has not been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i).

The petition indicates petitioner was detained and then released on his own recognizance on January 25, 2023. It further indicates that, upon release, he was given documents which indicated his detention was governed by 8 U.S.C. § 1226. He allegedly reported to the Fresno, California ICE office on February 7, 2023, as ordered and has since complied with the conditions and requirements of his release. The petition further indicates that he is actively seeking asylum, withholding of removal, and protection under the Convention Against Torture. An immigration hearing was scheduled for February 26, 2026, but the parties' submissions do not indicate whether it occurred.

The petition indicates that, on January 22, 2026, petitioner was working as a truck driver and returning to California from New Jersey, when he was stopped in Oklahoma and thereafter taken into custody by ICE.  He is currently housed at the Cimarron Correctional Facility in Cushing, Oklahoma.

Petitioner filed the present petition pursuant to 28 U.S.C. § 2241, contending that his detention should be based on 8 U.S.C. § 1226(a), which provides for a bond hearing, rather than 8 U.S.C. § 1225(b)(2)(A), which does not.  He contends that his continued detention without a hearing violates the Immigration and Nationality Act, the Fifth Amendment Due Process and Equal Protection Clauses and the Suspension Clause of the United States Constitution, the Administrative Procedure Act, and the Accardi[1] doctrine. Petitioner requests release from custody or, alternatively, a bond hearing pursuant to § 1226(a).  The federal respondents filed a response to the petition and petitioner filed a reply.

Respondents rely on the decisions of some judges in this district who have concluded that § 1225(b)(2)(A) governs the detention of those situated like the petitioner,[2] and on the decision of the Fifth Circuit Court of Appeals in Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026).  However, this court[3] and other judges in this

---

[1] See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954).

[2] Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025),
[3] See e.g., Campa v. Johnson, Case No. CIV-26-0001-HE, 2026 WL 446978, at *1 (W.D. Okla. Feb. 17, 2026); Li v. Grant, CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026); Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, at **1-2 (W.D. Okla. Jan. 13, 2026).

district[4] have concluded that § 1226(a), rather than § 1225(b)(2)(A), governs the detention status of those situated like the petitioner.  *See also*, Castanon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025).   The court declines to reconsider its prior determination.  The conflicting decisions of the judges in this district and the majority and dissenting opinions in Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs. Further, the court continues to be of the view that petitioner's filing of an asylum application does not compel a different result.  *See* Li v. Grant, CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[5] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise

---

[4] *See* Lopez v. Corecivic Cimmaron Correctional Facility, *Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026);* Valdez v. Holt, *Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025);* Colin v. Holt, *Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025),* Escarcega v. Olson, *Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

[5] *It is unnecessary to address petitioner's remaining claims alleged in Counts II-VI of the habeas corpus petition in light of the conclusion that § 1226(a) governs petitioner's detention.*

release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 12th day of March, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE